# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAVON PIERCE,<br><br>            Plaintiff,<br><br>     v.<br><br>WAGNER, et al.,<br><br>            Defendants. | Case No.  1:16-cv-01281-DAD-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUEST TO PROCEED** *IN FORMA PAUPERIS*<br><br>**(Doc. 2)**<br><br>**30-DAY DEADLINE** |

　　　　Seavon Pierce is a state prisoner proceeding *pro se* in this civil action which he filed on August 30, 2016.  Plaintiff identifies this action as an action under the "Declaratory Judgment Act" and names as defendants a federal judge, the California Attorney General and several of her deputies, the Federal Bureau of Investigations, and the Federal Judicial Commission.  (Doc. 1.) Along with the Complaint, Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  The Court recommends the application to proceed *in forma pauperis* should be **DENIED** because Plaintiff has three strikes under that section and fails to show that he is in imminent danger of serious physical injury.

**A.   THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

　　　　28 U.S.C. § 1915 governs proceedings *in forma pauperis*.  "In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States

that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**B. DISCUSSION**

The Court may take judicial notice of court records. *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004). Here, the Court takes judicial notice of Plaintiff's three prior actions: *Seavon Pierce v. Fernando Gonzales, et al.,* 1:10-cv-00285-JLT, which the Court dismissed on December 3, 2012 for failure to state a claim; *Seavon Pierce v. Lancaster State Prison,* 2:13-cv-08126, which the Court dismissed on December 3, 2013 as frivolous, malicious, and for failure to state a claim; and *Seavon Pierce v. Warden of Lancaster,* 2:13-cv-01939-UA-CW, which the Court dismissed on March 28, 2013 as frivolous, malicious, and for failure to state a claim. Plaintiff is thus subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* in this action unless he shows that at the time he filed this action, he was under imminent danger of serious physical injury.

The Court has reviewed Plaintiff's Complaint and finds that he does not meet the imminent danger exception. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Plaintiff alleges: that he has been prevented from obtaining counsel and prevented from reporting facts to the "appropriate authorities"; that his mail has been confiscated; that there has been a "misuse of public office"; that illegal and criminal acts are being concealed; that illegal contact is being made to inmates' family members; that public records are being falsified; intentional acts of fraud; and that various of the individuals named as defendants have not been properly performing the duties of their positions. (Doc. 1, various pages.) Further, while he lists a variety of duties he feels respondents have failed to perform, he fails to link any infringing action to any of the named defendants and his allegations are largely nonsensical such as:

> The effects of fraud, the falsification of the public record, has infected the proceedings with improper influence, interest outside of law, and a position has been taken against the mandated relief and acts to be taken when evidence of fraud has infected proceedings. Facts which includes that the attorney general has a legal duty to provide the transcriptions and as a public officer of the court, report such facts to the appropriate authorities for further actions.

> **The failed acts of the attorney generals also reflecting contempt of court, and a violation of law defined as misprision, 18 USC 4, holds the personal interest of attached, also a conflict of interest of the attached officials who have direct knowledge that the facts and evidence are being illegally sealed under the assertion of "blocked."**

(*Id.*, p. 11 (emphasis in original).)

None of Plaintiff's allegations show that he is in imminent danger of serious physical injury. Thus, Plaintiff may not proceed *in forma pauperis* and must submit the appropriate filing fee in order to proceed with this action.

## C. CONCLUSION and RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Plaintiff's motion to proceed *in forma pauperis*, filed August 30, 2016 (Doc. 2), be denied and that Plaintiff be ordered to pay the filing fee in full.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within 30 days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 22, 2016**            /s/ Jennifer L. Thurston
                                           UNITED STATES MAGISTRATE JUDGE