UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAVON PIERCE,<br><br>Plaintiff,<br><br>v.<br><br>JOHN E. MCDERMOTT and KAMALA D. HARRIS,<br><br>Defendants. | No. 1:16-cv-01281-DAD-JLT<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S REQUEST TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. No. 4) |

Plaintiff, Seavon Pierce, is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 22, 2016, the assigned magistrate judge issued findings and recommendations, recommending that this court deny plaintiff's motion to proceed *in forma pauperis* in this action. (Doc. No. 4.) The findings and recommendations were served on plaintiff and contained notice that objections thereto were due within thirty days. (*Id.*) On October 17, 2016, plaintiff filed timely objections. (Doc. No. 5.)

As was accurately stated in the findings and recommendations, prisoners are barred by from bringing civil actions under 28 U.S.C. § 1915(g) if they have, on at least three prior occasions, while incarcerated or detained, brought an action or appeal that was dismissed as

1

frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. Such dismissals are colloquially referred to as "strikes." As the assigned magistrate judge found, plaintiff has at least three strikes[1] pursuant to § 1915(g) prior to filing this action. Thus, plaintiff may only proceed under § 1915(g) if his allegations meet the imminent danger of serious physical injury exception. The Ninth Circuit has stated that "requiring a prisoner to 'allege[] an ongoing danger' . . . is the most sensible way to interpret the immanency requirement." *Andrews v. Cervantes*, 493 F.3d 1047, 1056 (9th Cir. 2007) (citing *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 2003)). The Ninth Circuit further held that the imminent danger faced by the prisoner need not be limited to the time frame of the filing of the complaint, but may be satisfied by alleging a danger that is ongoing. *See id.* at 1053.

As the assigned magistrate judge concluded, the allegations in plaintiff's complaint—that he has been prevented from obtaining counsel and prevented from reporting facts to the "appropriate authorities;" that his mail has been confiscated; that there has been a "misuse of public office;" that illegal and criminal acts are being concealed; that illegal contact is being made to inmates' family members; that public records are being falsified; intentional acts of fraud; and that various of the individuals named as defendants have not been properly performing the duties of their positions—do not satisfy the imminent danger exception. *Id.* at 1053. Plaintiff fails to link any of allegedly infringing action to any of the named defendants, and his allegations are largely nonsensical.

In his objections to the pending findings and recommendations, plaintiff asserts that the assigned magistrate judge improperly exercised jurisdiction over this action and that the provisions of the Prison Litigation Reform Act do not apply to his complaint. However, 28 U.S.C. § 1915 is the statute under which a litigant may apply for *in forma pauperis* status to be

---

[1] *See Seavon Pierce v. Fernando Gonzales, et al.*, No. 1:10-cv-00285-JLT (E.D. Cal. Dec. 3, 2012) (dismissing for failure to state a claim); *Seavon Pierce v. Lancaster State Prison*, No. 2:13-cv-08126 (Dec. 3, 2013) (dismissing as frivolous, malicious, and for failure to state a claim); and *Seavon Pierce v. Warden of Lancaster*, No. 2:13-cv-01939-UA-CW (Mar. 28, 2013) (dismissing as frivolous, malicious, and for failure to state a claim).

relieved of prepayment of the full filing fee.  This is the statute under which plaintiff's application to proceed *in forma pauperis* must be considered.  Plaintiff has failed to show, and this court cannot find, that any of his allegations meet the imminent danger requirement, or that he is otherwise entitled to be granted *in forma pauperis* status with respect to this action.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly:

1. The September 22, 2016 finding and recommendations (Doc. No. 4) are adopted in full;
2. Within thirty days from the date of service of this order, plaintiff is required to pay in full the $400.00 filing fee for this action; and
3. Plaintiff's failure to pay the required filing fee as ordered will result in the dismissal of this action.

IT IS SO ORDERED.

Dated:  **November 23, 2016**

UNITED STATES DISTRICT JUDGE